**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KENNETH KATKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-cv-321 |
| | ) | |
| VILLAGE OF DOLTON, DOLTON POLICE OFFICER M. COLEMAN, Star # 82, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**<u>COMPLAINT</u>**

NOW COMES Plaintiff, KENNETH KATKIN, by his undersigned attorneys, JARED S. KOSOGLAD, P.C., and complaining of the defendants Village of Dolton and Officer M. Coleman, Star # 82, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against the defendants for committing acts under color of law and depriving the plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and supplemental jurisdiction as provided under U.S.C. § 1367(a).

**PARTIES**

3. Plaintiff KATKIN is an Ohio resident who serves on the law faculty at the Salmon Chase College of Law at Northern Kentucky University.

4. Defendant VILLAGE OF DOLTON ("Village") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of the Defendant Officer M. Coleman, Star #83.

## FACTS

5. At all relevant times, Plaintiff Katkin was the owner of a dark green Toyota Camry with Ohio license plate CMV 8502 properly registered in the State of Ohio.

6. On or about January 13-14, 2023, without probable cause or any lawful basis, Defendants M. Coleman and the Village of Dolton caused Plaintiff's vehicle to be seized.

7. For several weeks thereafter, despite actual knowledge that Plaintiff's vehicle had been seized without any lawful basis, Defendants continued to seize Plaintiff's vehicle.

8. The unreasonable seizure of Plaintiff's vehicle was in part caused by widespread practices of the Village of Dolton.

9. The widespread practices of the Village of Dolton include:

a. the failure to provide vehicle owners with proper notice of vehicle seizures;

b. charging excessive fees for the recovery of seized vehicles, even after agents of the Village know that vehicles were improperly seized.

c. Generating proceeds from the sales of improperly seized vehicles through misuse of asset forfeiture processes;

d. creating improper financial incentives for agents of the Village to seize vehicles for extended periods without any reasonable basis.

10. The widespread practices of the Village of Dolton include the failure to properly document vehicle seizures and or to adopt a policy or practice of returning improperly seized vehicles unencumbered by excessive storage or tow fees.

11. The following vehicle seizures demonstrate the existence of the widespread unconstitutional practices of the Village of Dolton in seizing citizen vehicles alleged herein:

a. On April 20, 2022, the seizure of a 2008 Nissan Maxima.

b. On May 19, 2022, the seizure of a Chevrolet Malibu, Vin # 1G11C5SLXFF153144;

c. On December 16, 2022, the seizure of a 2022 Hyundai Sonata, which resulted in a lawsuit filed in the Northern District of Illinois under case number 23-cv-766.

12. Upon information and belief, agents of the Village of Dolton unlawfully and unconstitutionally seized other vehicles from citizens.

13. The Village of Dolton's widespread practices alleged herein were so permanent and well settled as to constitute a custom or usage with the force of law.

14. The Village of Dolton encouraged the unlawful seizure of vehicles for improper financial gain and the Village of Dolton's policymakers were deliberately indifferent to the known and obvious consequences of their unconstitutional widespread practices.

15. Agents of the Village of Dolton knew or should have known that that the Village's widespread practices were unlawful, and therefore made efforts to cover up and conceal material factual information about vehicle seizures on a widespread basis.

16. The Village of Dolton's deliberate indifference to their failure to maintain adequate records of vehicle seizures, in tandem with the efforts of their agents to cover up and conceal material factual information about vehicle seizures, is designed to facilitate the Village's anticipated denials of their knowledge of widespread unconstitutional conduct by their agents in seizing vehicles.

17. By making such a design, the Village has created the inference of its knowledge that it encouraged agents of the police department to unlawfully seize vehicles.

18. As a direct and proximate result of the Village's deliberate indifference, the Village encourages its agents to perform unconstitutional vehicle seizures, thereby causing injury to Plaintiff.

19. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including the loss of property, excessive fees, lost time, the deprivation of his constitutional rights, and emotional and psychological distress.

**COUNT I: 42 U.S.C. § 1983 – Unlawful Seizure**
**Against All Defendants**

20. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

21. Defendant Coleman caused the seizure of Plaintiff's vehicle within the meaning of the Fourth Amendment.

22. Defendant Village of Dolton caused the seizure of Plaintiff's vehicle within the meaning of the Fourth Amendment.

23. The seizure of Plaintiff's vehicle was unreasonable in violation of the Fourth Amendment and 42 U.S.C. § 1983.

24. As a direct and proximate result of this Constitutional violation, Plaintiff was caused to suffer injury, as alleged in ¶ 19.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT II: 745 ILCS 10/9-102 - Indemnification**
**Against Defendant Village of Dolton**

25. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

26. Defendant Village of Dolton is the employer of the individual Defendant.

27. The individual defendant committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Dolton.

WHEREFORE, should any Defendant be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant Village of Dolton be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys' fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

RESPECTFULLY SUBMITTED,

_____s/ Jared Kosoglad_________

Attorney for Plaintiff
Kenneth Katkin

Jared Kosoglad
Jared S. Kosoglad, P.C.
111 N. Wabash, #3166
Chicago, IL 60602
312-513-6000
jared@jaredlaw.com
Attorney ID #44990